# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ANTONIA BROWNING,**

    **Plaintiff,**

vs.                                                            Case No. 4:25cv305-MW-MAF

**FLORIDA DEPARTMENT OF CORRECTIONS, et al.,**

    **Defendants.**

_____/

## AMENDED REPORT AND RECOMMENDATION

On August 25 2025, a Report and Recommendation was entered, ECF No. 14, recommending dismissal of this case for several reasons. One reason was that Plaintiff, who proceeds pro se in this case, had not filed an amended in forma pauperis motion as directed, nor has she paid the filing fee. Approximately one week later, Plaintiff paid the filing fee. ECF No. 16. Accordingly, it is not appropriate to recommend dismissal of this case for that reason.

However, there remains another reason that this case should be dismissed. Plaintiff was required to file an amended complaint which

shows that she exhausted administrative remedies and shows this case was timely filed pursuant to Title VII.  ECF No. 12.  On August 19, 2025, Plaintiff submitted a second amended complaint.  ECF No. 13.  The complaint alleged that Plaintiff received her notice of right to sue letter from the Equal Employment Opportunity Commission [EEOC] on April 16, 2025.  *Id.* at 9.  Plaintiff attached a copy of the right to sue letter to the second amended complaint.  ECF No. 13-1 at 89.  The EEOC letter was dated April 16, 2025.  *Id.*

Before filing suit under Title VII, a plaintiff must exhaust administrative remedies by filing a timely charge of discrimination with the EEOC.  Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001).  A Title VII action must then be filed in court within 90 days of receipt of the EEOC letter.  42 U.S.C. § 2000e-5(f)(1); Perry v. S. Wine Spirits, 511 F. App'x 888, 889 (11th Cir. 2013).  Plaintiff initiated this case on July 16, 2025, ECF No. 1, and she alleged within her complaint - sworn under penalty of perjury - that she received the letter from the EEOC on April 16, 2025.  ECF No. 13 at 9.  July 16th is 91 days from Plaintiff's receipt of the EEOC letter on April 16th.  Therefore, this case should be dismissed because it was not timely filed within 90 days.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** because Plaintiff did not initiate this case within 90 days of her receipt of the right to sue letter.

**IN CHAMBERS** at Tallahassee, Florida, on September 2, 2025.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.